IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-06-378-01** |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS D. JONES** | : | |

## MEMORANDUM AND ORDER

### I. Background

On June 12, 2006, Defendant Thomas D. Jones was sentenced to a term of 21 months in case number 1:CR-05-385-02. Defendant was due to be released from that sentence on February 16, 2008. On November 8, 2006, Defendant was indicted on felony drug trafficking charges which was assigned the case number captioned above. Defendant appeared before the United States magistrate judge for arraignment on the charges in this case on February 22, 2007 and was therefore still serving the sentence imposed in case number 1:CR-05-385-02. Since Defendant was incarcerated on the latter charge, the Government did not seek an order of detention in the captioned case and Defendant was not required to post bail. The Government was permitted to revisit the issue of pretrial detention if circumstances changed.

On January 31, 2008, the Government filed a motion for reconsideration of an order setting bail, in light of the fact that Defendant was to be released from incarceration on or about February 16, 2008 for the sentence imposed in 1:CR-05-385-02. On February 21, 2008, a hearing was held on the motion.

## II. Discussion

Under 18 U.S.C. § 3142(g), the court must consider certain factors in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are set forth and addressed as follows.

### A.  The Nature and Circumstances of the Offense

Defendant is charged with offenses under 21 U.S.C. § 841(a)(1), § 846, 18 U.S.C. § 2, as well as a criminal forfeiture count under 21 U.S.C. § 853. These offenses are punishable by imprisonment of ten years or more. Thus, there is a rebuttable presumption under 18 U.S.C. § 3142(e) that there is no condition or combination of conditions that would guarantee Defendant's appearance in court or the safety of other persons and the community.

### B.  The Weight of the Evidence Against the Defendant

The Government has proffered that it has interviewed more than 20 witnesses who have identified Defendant as the source of their crack cocaine. In fact, several indicted individuals from whom 12-ounces of crack cocaine was seized identified Defendant as their source. Another individual identified Defendant as the source of 315 grams of crack cocaine and another identified Defendant as the source of 5 ounces of crack cocaine.

On one occasion, agents searched an apartment on North Progress Avenue where 500 grams of cocaine and drug paraphernalia was seized. The occupants identified Defendant as the person who cooked the cocaine into crack.

Defendant objects to the information above as hearsay and from a corrupt source. At a bail hearing, however, such hearsay evidence is permitted.

Fed. R. Evid. 1101(d)(3).  In any event, it is not conceivable that more than 20 witnesses could all be lying.

### C.  History and Characteristics of Defendant

Defendant has a large family in the Harrisburg area where he has lived most of his life.  His family considers him to be outgoing, respectful, and non-violent and report he exhibits no mental illnesses or alcohol or drug abuse problems.

Defendant has had jobs in the past.  The times and duration of those jobs are not noted.  No indication of present job opportunities were identified.

Defendant's criminal history is a problem.  Defendant has at least nine criminal convictions – four involved controlled substances.  Defendant's conviction under case number 1:CR-05-385-02 was committed while under supervision in a Lancaster County case.

### D.  Record Concerning Prior Appearances at Court Proceedings

There is no record of a failure to appear in the past.  However, the potential of a sentence of ten years to life places an added consideration not heretofore faced by Defendant.

## III.  Conclusion and Order

After consideration of the above, it is the court's opinion that the factors of the evidence in support of the offenses charged in the captioned case, the potential sentence, and the criminal history outweigh Defendant's ties to the community.  The court therefore finds that Defendant presents a potential for non-appearance and a threat to the community and that no conditions or combination of

conditions will assure his future court appearances or secure the safety of the community.

**IT IS THEREFORE ORDERED THAT** Defendant shall be detained pending trial in the captioned case. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the Untied States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: February 27, 2008.

4