IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:CR-06-378** |
| v. : | |
| **THOMAS D. JONES** : | |

# **M E M O R A N D U M**

On May 8, 2011, Defendant filed a motion for reduction of sentence pursuant to the Fair Sentencing Act of 2010 (doc. 465). Defendant claims that the Fair Sentencing Act of 2010 should be applicable to him since his sentence was not "final" at the time of its enactment as his case was on direct appeal at the time.[1] Defendant pled to a four-count superseding information on October 6, 2008. That felony information alleges that the events leading up to the charges occurred from on or about May 2004 and continued to on or about August 16, 2006.

The Fair Sentencing Act became effective on August 3, 2010. The Act establishes new quantity thresholds that trigger statutory mandatory minimum and maximum penalties for cocaine base ("crack cocaine"). Under the new law, quantities of crack cocaine triggering mandatory minimum penalties are increased such that trafficking in 28 grams (approximately one ounce) of crack cocaine will trigger the five-year mandatory minimum penalty, and trafficking in 280 grams of crack cocaine will trigger the ten-year mandatory minimum penalty. Defendant was

---

[1] Defendant's petition for writ of certiorari is now pending before the United States Supreme Court.

indicted under the old law.  The Act is silent with regard to whether the new threshold quantities for statutory mandatory minimum sentences apply to conduct that occurred prior to its enactment.

The seminal case concerning retroactivity of criminal statutes is the Supreme Court decision in *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653 (1974).  The Court stated, "the saving clause has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense."  *Id.* at 661 (citations omitted).

In *United States v. Reevey*, 631 F.3d 110 (3d Cr. 2010), the court held that "the Savings Statute mandates that a court apply the penalties in place at the time the crime was committed unless the new law expressly provides otherwise." *See also United States v. Rawlinson*, 2011 WL 2110140 (3d Cir. 2010).

Defendant's motion for reduction of sentence pursuant to the Fair Sentencing Act will be denied.  An appropriate order will be issued.

                                            s/Sylvia H. Rambo  
                                            United States District Judge

Dated:  June 15, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-06-378**
:
**v.** :
:
**THOMAS D. JONES** :

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reduction of sentence pursuant to the Fair Sentencing Act (doc. 465) is **DENIED**.  The court declines to issue a certificate of appealability.

s/Sylvia H. Rambo<br>United States District Judge

Dated: June 15, 2011.