IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:CR-06-378-01** |
| : | |
| v. : | |
| : | |
| **THOMAS D. JONES** : | |

# **M E M O R A N D U M**

Before the court is defendant Thomas D. Jones' motion pursuant to 28 U.S.C. § 2255. The motion has been fully briefed and is ripe for disposition.

**I.        Procedural History**

The court adopts the procedural history as set forth in the Government's responsive brief (doc. 508) and as set forth below.

On November 8, 2006, a two-count Indictment was returned by a grand jury in Harrisburg, PA charging Jones in Count I with the unlawful distribution and possession with the intent to distribute 50 grams or more of crack cocaine, as well as cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). Count II of the Indictment was a forfeiture count.

On May 9, 2007, a seven-count Superseding Indictment was returned by a grand jury in Harrisburg, PA, charging Jones and four other named individuals again with the unlawful distribution and possession with the intent to distribute 50 grams or more of crack cocaine, as well as cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). Jones and each of the other defendants were named individually in Counts I through VI. Count VI of the Indictment charged all with conspiring to

engage in that same conduct in violation of 21 U.S.C. § 846. Count VII of the Indictment was a forfeiture count.

A second Superseding Indictment was returned by a grand jury in Harrisburg, Pennsylvania, on October 17, 2007. Corby Bennett was added to the indictment and the charge against him individually was Count VI. Bennett was also added to the conspiracy count which became Count VII. The forfeiture count became Count VIII.

On April 10, 2008, the United States filed an Information to Establish Prior Convictions Pursuant to 21 U.S.C. § 851. This put Jones on notice that, if he were convicted of drug distribution charges or criminal conspiracy, the government would seek an enhanced sentence of life imprisonment based on the enumerated prior convictions.

On October 6, 2008, Jones pled guilty to a four-count Superseding Information that was filed that same day. Each count charged Jones with using a communication facility to facilitate the distribution of 50 grams or more of crack cocaine. Each count referred to a discrete period of time and all were alleged to be in violation of 21 U.S.C. § of 21 U.S.C. § 843(b). The guilty pleas were entered pursuant to a plea agreement between Jones and the United States, the terms of which called for the government to recommend a two-level reduction for acceptance of responsibility and that the maximum sentence allowable, that is, 16 years, be imposed by the court. The plea agreement was a conditional one that allowed Jones to appeal the district court's denial of certain pretrial motions.

A pre-sentence investigation report was prepared by the Probation Office. Jones was determined to be a career offender so his criminal history category was VI. The base offense level was determined to be 38 as the probation officer

determined that the amount of crack cocaine involved was over 40 kilograms. Jones was given credit for two levels for acceptance of responsibility so his total offense level was 36. Based upon a total offense level of 36 and a criminal history category VI, the custody range was 324 - 405 months. However, because the statutorily authorized maximum sentence was 16 years (192 months), the advisory guideline range was the maximum of 192 months. Jones objected to the guideline calculation and argued that the amount of crack cocaine involved was a total of 200 grams.

Jones appeared for sentencing on January 29, 2009. The court adopted the pre-sentence investigation report without change and imposed the sentence of 192 months, which was the guideline sentencing range because the combined statutory maximum penalty was 16 years.

Jones appealed to the United States Court of Appeals for the Third Circuit which, by Opinion and Order, affirmed his conviction and sentence on November 8, 2010. Jones timely filed the present motion pursuant to 28 U.S.C. § 2255.

**II.       Habeas Claims**

Jones claims that his trial counsel and appellate counsel were incompetent. Jones' allegations are that (1) his speedy trial rights were violated, necessitating the dismissal of the charges; (2) his sentence was disproportionate to those of his codefendants; (3) counsel was ineffective in the plea negotiation process; (4) counsel failed to move to dismiss the indictment due to prosecutorial misconduct

before the grand jury; (5) counsel rendered ineffective assistance during the sentencing process; and (6)[1] appellate counsel rendered ineffective assistance.

**III.     Discussion**

        **A.     Incompetency of Counsel Standard**

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of

---

[1] Jones misnumbered his claims.

the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (ed cir. 2005). With the above precepts in mind, the Jones' claims will be addressed.

### B. Speedy Trial Rights

The issue of Jones' speedy trial rights was raised on appeal before the United States Court of Appeals for the Third Circuit. That court found against Jones on this issue (*see* doc. 452). Counsel cannot be found ineffective for raising an issue but losing same. This claim is without merit.

### C. Disproportionate Sentence

The issue of disproportionate sentence was also raised before the court of appeals. The court found against Jones on this issue. This claim is without merit.

### D. Plea Negotiations

Jones claims that before negotiating a plea agreement, counsel failed to investigate the case; failed to limit his sentence exposure; failed to seek a concurrent

5

sentence on any count; failed to negotiate a more favorable plea and failed to provide petitioner with the strengths and weaknesses of his plea.

The record in this case belies all claims of ineffectiveness in negotiating a plea agreement. Based on the charges in the initial indictment, and Jones' criminal history, Jones was facing a guideline range of 324 to 405 months. Pursuant to the information filed by the Government pursuant to 21 U.S.C. § 851, Jones was facing a maximum sentence of life imprisonment.

Jones was fully aware of the content of the plea agreement and accepted the plea agreement. The following excerpts from the plea colloquy, during which time Jones was under oath, are pertinent to this issue:

> THE COURT: Are you satisfied with the representation you've received from your counsel to date?
>
> THE DEFENDANT: Yes, I am.

(Transcript of Change of Plea Proceeding (doc. 420) at p. 4.)

> BY THE COURT: Do you have any questions of me concerning anything in the plea agreement?
>
> THE DEFENDANT: No. I don't think I do, your honor.

(*Id.* at p. 10.)

After the prosecutor related on the record the facts that the Government would present in support of the charge, the following transpired:

> MR. BEHE: The United States would be able to establish that Mr. Jones, during this period of time, was involved in the distribution of several kilograms of crack cocaine and that a cellular telephone was used or regular telephone was used in his commission of these offenses.
>
> THE COURT: Mr. Jones, from May 2004 up through August 15, 2006, in the division of time periods as related by Mr. Behe, did you, in fact, use a communication facility, either a telephone or cell phone, to facilitate the

> possession and unlawful manufacture and distribution of cocaine base, also known as crack cocaine?
>
> THE DEFENDANT: Yes, Your Honor.

(*Id*. at pp. 12-13.)

After a brief discussion on the amount of drugs involved, the following took place:

> THE COURT: But each count carries 50 grams or more of cocaine [corrected to crack cocaine], and that's what you are pleading to?
>
> . . .
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you desire to plead guilty to Counts 1, 2, 3, and 4 of the information?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you have any questions concerning each of these counts to which you are pleading?
>
> THE DEFENDANT: No, Your Honor.

(*Id.* at pp. 13-14.)

There are several other factors in the plea agreement that were beneficial to Jones. The plea agreement committed the parties to a 4 x 16 year consecutive sentence but permitted Defendant to argue at sentencing for a lesser sentence. (*Id*. at p. 8.) The plea agreement committed the parties to a 16 year sentence[2] but permitted Defendant to argue at sentencing for a lesser sentence. (*Id.*) The plea agreement was a non-cooperating agreement and permitted Jones the right to appeal denials of pretrial motions by the district court. (*Id.* at 7.)

---

[2]A sentence of four years on each of four counts, consecutive.

A sixteen year conditional plea agreement is a gift to a defendant who was facing a sentence of life imprisonment, if convicted. Allegations that counsel could have worked out a better bargain are conclusory and speculative. This claim of ineffectiveness is without merit.

### E. Prosecutorial Misconduct Before the Grand Jury

Jones claims, in conclusory fashion, that the Government "must have" presented perjured testimony to the grand jury and, therefore, counsel was deficient in not moving to dismiss the indictment. To address this argument, the court refers back to the omnibus pretrial motion (doc. 17) filed on March 29, 2007. In that motion, Jones asserted that the grand jury may have been falsely told that his fingerprints were found on a bag of crack cocaine seized as a result of a search of an apartment at 301 N. Progress Avenue, Harrisburg, Pennsylvania. He further alleged in that motion that the grand jury may have been told, falsely, that the occupants of that property implicated him in the charged offense.

By order dated July 16, 2007 (doc. 87), the government was directed to submit to this court, *in camera*, the grand jury testimony pertinent to these allegations. The government complied. As a result of this court's review of the submitted grand jury testimony and Government 302's, this court found that there was no testimony concerning fingerprints relative to Jones that was presented to the grand jury and that Jones' connection to the Progress Avenue property was supported by interviews conducted by agents with witnesses.

By order dated August 6, 2007 (doc. 104), this court denied Jones' request for a copy of the grand jury testimony. The issue of prosecutorial misconduct was previously raised and decided against Jones. This issue is without merit.

### F. Ineffective Assistance of Counsel During Sentencing Proceeding

Jones claims that counsel was ineffective for not challenging the drug calculation and failed to present relevant 3553 factors. Counsel did file an objection to the drug calculation contained in the presentence report. This issue was addressed at the sentencing proceeding. A stipulation as to the amount of drugs was presented to the court, to which Jones agreed. (Transcript of Sentencing Proceeding (doc. 421) at p. 3.) At that proceeding, Jones also agreed to the sentence calculation. (*Id.*) Defense counsel also discussed the alleged disproportionate sentence vis a vis Jones' codefendants. In addition, counsel presented to the court considerations that should be given to 3553 factors. (*Id.* at pp. 4-5.) Jones received only two points for acceptance of responsibility, as opposed to 3 points, was because this plea agreement was consummated on the eve of trial. The claims of ineffective assistance of counsel during the sentencing proceeding are without merit.

### G. Ineffective Assistance of Appellate Counsel

Jones claims appellate counsel's brief was substandard. His allegations are conclusory. The court of appeals expressed no concern over the adequacy of the appellate brief as to the issues presented. The issues that counsel could present were limited to the voluntariness of the plea, legality of the sentence imposed, and rulings on any pretrial motions made by the district court. Jones does claim that appellate counsel failed to file a reply brief after promising to do so. Assuming the failure to file a reply brief was ineffective, Jones does not set forth how the failure to file a reply brief could, in any way, have prejudice him or have affected the outcome of his case. This issue is without merit.

### IV.      Conclusion

Jones has requested a hearing on his petition. The record of this case conclusively reveals that the defendant is entitled to no relief. Therefore, neither a hearing nor an appointment of counsel are necessary. *United States v. Padella-Castro*, 426 Fed. App. 60, 63 (3d Cir. 2011), *see also*, 28 U.S.C. § 2255(b). An appropriate order will be issued.

                                             s/Sylvia H. Rambo
                                             United States District Judge

Dated: September 25, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-06-378-01**
:
**v.** :
:
**THOMAS D. JONES** :

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the petition for writ of habeas corpus (doc. 496) is **DENIED** without hearing or appointment of counsel. This court declines to issue a certificate of appealability.

                                         s/Sylvia H. Rambo
                                         United States District Judge

Dated: September 25, 2012.